## (February 11, 1957)

■ ALICE McGUINNESS, Respondent, v. INTERNATIONAL DEALERS, INC., et al., Defendants, and FRANK DURKIN et al., Copartners Doing Business under the Name of DURKIN & KLOSK, Appellants.

*Per Curiam.* Order denying motion of defendants, Durkin and Klosk, to require plaintiff to separately state and number the causes of action contained in the complaint should be reversed and the motion granted, with costs to appellants. Settle order.

The complaint contains two designated causes of action. Out of 75 enumerated allegations, 69 constitute the first designated cause of action. The latter not only contains intermingled claims, but all are not maintainable against all of the several defendants.

There is a claim against the City of New York for paying out assigned moneys in the face of an allegedly valid statutory mechanic's lien. There is then a congeries of allegations, which, based upon various acts of several of the defendants with knowledge that plaintiff's assignor had not been paid for the goods sold and the freight charges thereon, suggests the justice of impressing trusts on moneys received from the ultimate buyer and the insurer. The two shipments of the goods may well involve different fact sequences, especially with respect to when such knowledge was acquired and by whom. The claim to the insurance proceeds likewise turns on a separate transaction.

Overall, there is a thread of conspiracy to cheat, sustained by a series of allegations associating all of the defendants, except the City of New York, by reason of common ownership or succession. When the acquisitions upon which the common ownership depends occurred is not stated. Nor is it clear that this is being asserted as an independent theory of claim, although, if it is not, then many of the allegations would be immaterial.

Neither the defendants who appeal, nor the court, including the trial court, when the case should be reached for trial, should be kept in doubt of what claims and what kinds of relief plaintiff is seeking. The prayer for relief is truly an omnibus demand; it would embrace all of the suggested theories, and more besides. Notably it demands all of this relief, indiscriminately, against all defendants.

Peck, P. J., Breitel, Valente, McNally and Bastow, JJ., concur.

Order denying the motion of the defendants, Durkin and Klosk, to require plaintiff to separately state and number the causes of action contained in the complaint, unanimously reversed, with $20 costs and disbursements to the appellants, and the motion granted. Settle order on notice.